UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v.   : | **CRIM. NO. ELH-19-0160** |
| : | |
| : | |
| **DEMETRIOS STAVRAKIS** : | |
| : | |
| **Defendant** : | |
| : | |

...oooOooo...

# CONSENT MOTION FOR ENTRY OF A
# PROTECTIVE ORDER GOVERNING DISCLOSURE OF
# PROTECTED IDENTIY AND CONTACT INFORMATION

To expedite the flow of discovery material between the parties, facilitate the prompt resolution of disputes over confidentiality, adequately protect individually identifiable personal identity information entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, it is, pursuant to the court's authority under Fed. R. Crim. P. 16(d) and with the consent of the parties, ORDERED:

(1)     **Definition of Protected Personal Identify and Contact Information.** For the purposes of this Protective Order, "Protected Personal Identity and Contact Information" (collectively, "Protected Information") means any information, whether oral or recorded in any form or medium, as follows:

   a. "Protected Personal Identity Information" includes any unique identifying information such as date of birth, address, social security number, and any account numbers used by the federal United States, state government, local government, or companies to identify individuals.

3

b. "Protected Contact Information" includes all home addresses, phone numbers for personal residences, and phone numbers for cell phones.

(2) **Production of Protected Personal Identity and Contact Information By The United States That May Be Subject To The Privacy Act, 5 U.S.C. § 552a, or to 42 U.S.C. § 1306, or Other Privacy Protections.** The United States may produce to the defendant certain individually identifiable personal identity information as identified in Rule 49.1 of the Federal Rules of Criminal Procedure, the local rules of this Court and federal law, including but not limited to the Privacy Act. The United States shall produce these documents **unredacted** to the defendant. Upon producing these documents to the defendant, the United States shall designate them as "confidential" in the manner set forth in paragraph 3, below.

(3) **Designation of Material Subject to this Protective Order.** To designate "confidential" material covered by this Protective Order, the United States shall so designate, on the material itself, in an accompanying cover letter, on a diskette cover or label, or interrogatory or request for admission response, by using the following designation: "CONFIDENTIAL INFORMATION-SUBJECT TO PROTECTIVE ORDER."

(4) **Access to and Use of Protected Personal Identity and Contact Information.** The defendant, and his counsel, may use the Protected Information only for purposes of this litigation and may not disclose such Protected Information to anyone not specifically entitled to access under this Protective order. The defendant's counsel may disclose Protected information to the

4

defendant, but may not provide the defendant with any documents containing Protected Information. The defendant's counsel and individuals participating in the case at the direction of counsel, may only use the Protected Identity and Contact Information for purposes of defending this criminal case, including any appeal, and may disclose the Protected Information to non-parties to this litigation, such as experts, or outside investigators retained by the defendants in this litigation, as follows:

a. Such disclosures may occur only as needed for the litigation;

b. Such disclosures may occur only after defense counsel advise the non-party of the terms of this Protective Order;

c. Such disclosure may occur only after the signing of an Addendum by all non-parties, which state, in substance, that all non-parties will agree to be bound by the terms of this Protective Order, including consenting to the jurisdiction of this Court for the purposes of any proceedings relating to the performance under, compliance, with, or violation of this Order;

d. Defense counsel shall retain a copy of the form described in Paragraph 4c, which shall be signed by all non-parties receiving Protected Identity and Contact Information; and,

e. Designation of Material Subject to this Protective Order: Material given to non-parties must be designated "confidential" material in an accompanying cover letter, and the material itself must be labeled (e.g., on the CD/DVD): "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER."

(5) **Use of Protected Information in Court Filings and Open Court.** The procedures for use of designated confidential documents during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. The parties shall consider redacting confidential documents to remove individual identifiers, request the court to submit such documents under seal, code the documents to substitute a numerical or other designation for the subject person's name or other identifying information, request that any exhibit be placed under seal, introduce summary evidence where practicable which may be more easily redacted, and assure that all Social Security numbers and other Personal Identity Information associated with the names of individuals have been redacted in accordance with Rule 49.1 of the Federal Rules of Criminal Procedure and other applicable laws. No party shall disclose designated confidential documents in open Court without prior consideration by the Court.

(6) **Filing of documents.** The Clerk shall accept for filing under seal any documents or filings so marked by the parties pursuant to the above paragraphs.

(7) **Maintenance and Storage of Protected Identity and Contact Information.** The defendant's counsel shall maintain such Protected Identity and Contact Information in a secure and safe area and shall exercise due and proper care with respect to the storage, custody, use, and/or dissemination of such information as is exercised by the recipient with respect to his won confidential information. In addition, non-party recipients of any Protected Identity and Contact Information pursuant to this protective Order shall have in place appropriate administrative, technical, and physical safeguards to protect the privacy of the Protected Information.

(8) **Disposition of Protected Identity and Contact Information.** Within 90 days of any final judgment in this case by the later of: (i) the sentencing of the defendant(s), (ii) a defendant's appeal, if any, or (iii) by dismissal of the indictment with or without prejudice; or (iv) within 90 days of the termination of counsel's representation, the defendant and defendant's counsel shall return the documents designated confidential and all copies thereof, or shall destroy them and certify in writing to counsel for the United States that the documents have been destroyed. Defense counsel reserves the right to petition this Court for a modification or extension of this 90 day time period as needed. Furthermore, defense counsel may maintain work product containing Protected Identity and Contact Information subject to the same protections as this Protective Order for a period of 10 years following the entry of final judgment, and thereafter destroy such work product.

(9) **Addition of Defendants or Counsel after Entry of Order.** This Protective Order will cover additional defendants or defense counsel in this case so long as they agree to be bound by the terms of this Protective Order and so indicate that consent by the execution of a supplemental stipulation, which shall be filed as a supplement to this Protective Order.

(10) **Modification Permitted.** Nothing in this Order shall prevent any party from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper.

(11) **No Waiver.** The failure to designate any materials as provided in paragraph 2 shall not constitute a waiver of a party's assertion that the materials are covered by this Protective Order.

7

(12)   **No Ruling on Discoverability Nor Admissibility.**   This Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

(13)   **Unauthorized Disclosures.** Should any Protected Identity and Contact Information be disclosed in a manner not authorized by this Protective Order by the defendant, defense counsel or a non-party retained by the defendant for purposes of the litigation, then defense counsel shall use his best efforts to obtain the return of any such Protected Information and to bind the recipient of Protected Information to the terms of this Order and shall, within ten (10) business days of the discovery of such disclosure, inform the Court and the United States of the unauthorized disclosure and identify such recipient to the party who designated the Protected Identity and Contact Information.

14) **Sanctions for Unauthorized Disclosure.** Rule 16(d)(2) provides sanctions for failing to comply with the Court's Order that is just under the circumstances. Both parties shall use their best efforts to confer with the opposite parties with regard to this Order before seeking relief from the Court, and neither party shall seek to have the Court impose sanctions pursuant to Rule 16(d)(2) without providing the other party with notice at least 3 business days in advance.

15) **Non-termination.** This Order shall survive the termination of this criminal case and shall continue in full force and effect thereafter.

16) **Reservation of Rights.** Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States to disclose to any agency or department of the United States, or any division of any such agency or department, designated confidential documents relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction, nor shall anything contained in this Protective Order prevent or in any way limit or impair the use of any such designated confidential documents by an agency in any proceeding relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction; provided, however, that the agency shall maintain the confidentiality of the designated confidential documents consistent with the terms of this Protective Order.

SO ORDERED this 8th day of April 2019.

Ellen L. Hollander
United States District Judge