**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **CRIMINAL NO. ELH 19 0160** |
| | * | |
| **DEMETRIOS STAVRAKIS,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

\*\*\*\*\*\*\*

### NOTICE REGARDING STATEMENTS AND EXPERT WITNESS TESTIMONY; REQUEST FOR NOTICE OF DEFENSE EXPERT WITNESS; REQUEST FOR ALIBI AND/OR PUBLIC AUTHORITY DEFENSES

United States of America, by and through its attorneys undersigned, pursuant to Federal Rule of Criminal Procedure 16(a), notices that all confessions, admissions and statements provided in government disclosure will be introduced into evidence by the government at the trial in this matter.

Further, pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure, the government hereby files this notice of intent to call expert witnesses in the above referenced case.

The Government also requests written notice, pursuant to Rule 16(b)(1)(C) of the Federal Rules of Criminal Procedure, of any expert witness(es) defendant plans to call at trial, as well as any and all discovery the Government is entitled to under Rules 16(b)(1) and (c) of the Federal Rules of Criminal Procedure.

**Notice of Expert Witnesses**

I.   The Government will call Baltimore City Fire Department Fire Investigation Bureau Capt. Heather Cate and/or Certified Fire and Explosives Investigator William R. Clark, IA AI-

CFI, formerly of Rimkus Consulting Group, Inc., as well as Electrical Engineer Samuel Sudler. Capt. Cate and Fire Investigator Clark conducted fire scene analysis at 234 S. Haven Street, Baltimore, Maryland. Capt. Cate and Fire Investigator Clark conducted analysis regarding both the cause and origin of the fire, in accord with the accepted scientific methodology outlined in NFPA 921. That methodology included the following steps: (1) identify the problem; (2) define the problem; (3) collect data; (4) analyze the data; (5) develop a hypothesis; (6) test the hypothesis; and (7) select the final conclusion. NFPA 921 § 4.

In addition, Electrical Engineer Samuel Sudler conducted analysis regarding arc mapping, ruling out an electrical cause for the fire. Their conclusion also considered and excluded other causes for the fire (i.e., accidental, natural, or undetermined). NFPA 921 § 20. Collectively, these witnesses will establish that the origin of the fire was in the small office area of the warehouse known as the "DNC Hut," and that the cause of the fire was incendiary, that is, intentionally ignited in an area or under circumstances where and when there should not be a fire. This conclusion was based on observations that included, but were not limited to, the presence of a 5-gallon can of an accelerant (methanol) in the DNC Hut, interviews, reports of chemists, and review of various other records and data.

A copy of Capt. Cate's report has already been provided in discovery (see Bate stamped pp. R BCFD 0001-0002, 00021-00023). A copy of Fire Investigator Clark's report has already been provided in discovery (see Bate stamped pp. TRAV 002483-2485, TRAV 002708-002743, TRAV 002822-002851), and will be supplemented with additional materials recently provided by Rimkus Consulting Group, Inc. A copy of Electrical Engineer Sudler's report has already been provided in discovery (see Bate stamped pp. TRAV 002708-002743). The curriculum vitae of all three have also been provided.

II.     The Government will call Baltimore Police Department Forensic Chemist Carl Buchanon and Senior Forensic Chemist Michael T. McClure of Travelers Forensic Laboratory to testify regarding the analysis of various fire debris recovered from the scene of the fire at 234 S. Haven Street, Baltimore, MD. Specifically, BPD Forensic Chemist Buchanon and Senior Forensic Chemist McClure will testify regarding analysis of samples of fire debris recovered from the fire scene, and the identification of flammable liquids. A copy of Forensic Chemist Buchanon's report has already been provided in discovery (see Bate stamped pp. R BPD 00001-00004, BPD 000290-00406). A copy of Senior Forensic Chemist McClure's report has already been provided in discovery (see Bate stamped pp. TRAV 002708-002743, TRAV 002863-002876). The curriculum vitae of both have been provided.

III.    The Government will call Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") Forensic Auditor Sean Potts and/or Forensic Auditor Noah Dottino to testify with regard to their analysis of various financial records pertaining to the fiscal health of ADCOR Industries, Inc., as well as other associated business entities and LLC's, prior to and at/near the time of the fire; the conclusion will be that ADCOR Industries, Inc., was in poor financial health and at risk for insolvency. In addition, the analysis will include accounting for the money paid by Travelers pursuant to the insurance claim. Copies of the underlying records and reports pertaining to the financial analysis have been provided in discovery, and will be supplemented with summary exhibits and final reports. The curriculum vitae have also been provided.

IV.     The Government will call ATF TFO Phillip Chris Doyle, Assistant Fire Marshal/Investigator with the Loudoun County Fire Marshal's Office in Leesburg, Virginia, with regard to cellular phone tower analysis, as well as phone record analysis, he completed in this case.  TFO Doyle has received specialized training to review cellular phone records and engage

in the actual mapping of cellular phone towers, which he did in this case at/near the time of the July 29, 2015 fire alleged in the Indictment. TFO Doyle generated a report regarding that analysis. A copy of that report has already been provided in discovery. See Loudon County Fire Marshal's Office Records (native file format); Bate stamped pp. M ATF 001020. TFO Doyle's curriculum vitae has also been provided.

V.      The Government will call ATF Special Agent Mattheu Kelsch and ATF Technical Surveillance Specialist Steve Greene who analyzed digital evidence in this case. ATF SA Kelsch and TSS Greene are certified computer forensic examiners and will testify regarding the imaging and analysis of a number of hard disk drives (HDD), an image of the security system seized on April 3, 2019, and other digital evidence reviewed during the course of this investigation, to include items imaged with consent of the parties (e.g., cell phones), and seized from internet service providers pursuant to a search warrant (e.g., iCloud). ATF SA Kelsch and TSS Greene will testify as to the process of imaging of these items and to the examination and analysis of them. This examination occurred on exact images of the items in question, and included the use of forensic tools. The testimony is projected to cover operating procedure, completion of the exam, and relevant data identified as provided in his forensic reports. ATF SA Kelsch and TSS Greene will provide analysis regarding the examination, as stated in reports already provided by the Government in discovery (see Bate stamped pp. R ATF 0008-0012, R ATF 000169-000250, R ATF 000319-00324, M ATF 001029-001031). Copies of the curriculum vitae of ATF SA Kelsch and TSS Greene have also been provided.

It is submitted that this testimony is actually opinion testimony under Federal Rule of Evidence 701 and not expert testimony under Federal Rules of Evidence 702, 703 and/or 705. Regardless, the government is providing this notice at this time out of an abundance of caution.

**Notice Regarding Business Records, Summaries**

With respect to the business records provided in the Government's disclosures, be advised that the government intends to offer records of regularly conducted activity through certifications pursuant to Federal Rule 902(11) and 803(6). These records include, but are not limited to, bank records, insurance company related records, and cellular telephone records.

In addition, the Government has provided drafts of summary exhibits (e.g., cellular telephone records, financial records), and intends on offering the final versions of these summary exhibits into evidence at trial pursuant to Federal Rule of Evidence 1006. The summaries related to cellular telephone analysis was compiled by ATF TFO P. Chris Doyle, and the summaries related to finances of ADCOR, as well as tracing of insurance proceeds, were prepared by ATF Forensic Auditor Potts, all of which were created using records that have all been provided in discovery. Final versions of these summaries will be produced in advance of trial.

        Respectfully submitted,

        Robert K. Hur
        United States Attorney

By: _____/s/_____
        Judson T. Mihok
        Paul E. Budlow
        Assistant United States Attorneys
        36 South Charles St., 4th Floor
        Baltimore, Maryland 21201
        Tel.: (410) 209-4800
        Fax: (410) 962-0716