IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. ELH-19-0160 |
| | : | |
| DEMETRIOS STAVRAKIS | : | |
| | : | |
| Defendant. | : | |

...oOo...

**OPPOSITION TO GOVERNMENT'S MOTION
TO EXCLUDE EVIDENCE**

The Defendant, Demetrios "Jimmy" Stavrakis ("Mr. Stavrakis"), by and through his counsel, Steven H. Levin, Charles N. Curlett, Jr., G. Adam Ruther, and Jamar Brown, files this Opposition to the Government's Motion in Limine to Exclude References to Possible Penalties (ECF 42, the "Government's Motion to Exclude"), and respectfully requests that this Honorable Court deny the Government's Motion as it relates to analysis of evidence of the financial health of Adcor Industries and Mr. Stavrakis individually.

Mr. Stavrakis stands charged in the superseding indictment with Use of Fire to Commit a Federal Felony, in violation of 18 U.S.C. § 844(h)(1), Malicious Destruction of Real Property by Fire in violation of 18 U.S.C. § 844(i), Wire Fraud in violation of 18 U.S.C. § 1343, and Aiding and Abetting in violation of 18 U.S.C. § 2. All of these charges stem from the fire that occurred at Adcor's 234 S. Haven Street building on July 29, 2015. The government alleges that Mr. Stavrakis committed these crimes in an effort to save his

1

company, Adcor, from insolvency.

The Government's Motion to Exclude is directed at several areas of inquiry, but only one of those areas is in dispute at this point. The defense has no intention of pursuing most of the topics raised by the government. The defense does not intend to introduce evidence or make arguments regarding: (1) potential penalties that Mr. Stavrakis may face if convicted; (2) the impact the charges may have on Mr. Stavrakis's businesses; (3) the idea that these charges are more properly civil in nature; or (4) the idea that Mr. Stavrakis somehow relied on advice of counsel in committing arson.[1] Mr. Stavrakis should, however, be permitted to introduce lay and expert testimony about the financial health of Adcor and Mr. Stavrakis's personal financial situation, because those issues relate to Mr. Stavrakis's alleged motive to commit the crimes charged.

## **ARGUMENT**

The government alleges that Mr. Stavrakis was driven to commit arson and insurance fraud in order to rescue his company from dire financial straits.

---

[1] The idea that an advice of counsel defense might have been presented in response to the charges in the original indictment in this case was curious, as advice of counsel would not have been a valid defense to any of the original charges, which were all rooted in the arson counts. In light of the Superseding Indictment filed by the government on May 10, 2019, however, the defense may consider advice of counsel as a defense to Count 3, paragraph 8, which alleges that Mr. Stavrakis fraudulently claimed damage to Adcor's security system in order to claim $30,000 in repair costs thereto. This charge presents a new legal theory from the government, and the defense must investigate and consider all of its potential defenses.

2

In essence, the government accuses Mr. Stavrakis, somewhat paradoxically, of burning his own business in order to save it. Even though motive is not an element of any of the crimes charged here, the government has made clear that motive will be a substantial focus of its case against Mr. Stavrakis. Therefore, any evidence that the defense may present that would refute or call into question the government's theory of motive is relevant and vital to Mr. Stavrakis's right to present his defense. Furthermore, contrary to the government's arguments, there is nothing unfairly prejudicial to the government about the admission of financial analysis assessing the true health and overall financial status of Adcor or Mr. Stavrakis leading up to the fire.

1. **Evidence Relating To Adcor's And Mr. Stavrakis's True Financial Positions Leading Up To The Fire Is Relevant Because It May Make The Government's Theory Of Motive, Which Is A Central Issue In The Case, Less Likely.**

The government's case relies heavily on its interpretation and understanding of reports and records that it claims show the "dire" financial position of Adcor, and by extension, Mr. Stavrakis, prior to the fire. The financial picture provided by these reports sets up the government's entire theory of motive. But the financial snapshot that the government relies upon, like most snapshots, does not show the whole picture of what Mr. Stavrakis knew or thought about Adcor's and his own financial position leading up to the fire. The government makes the flawed assumption that Mr. Stavrakis only knew what was in a series of financial and accounting reports, and that those reports alone formed the basis for his alleged motive.

3

In reality, Mr. Stavrakis had available to him various information that was not part of, or factored into, the accounting reports that the government relies upon. And the availability of those details prior to the fire in 2015 is a central issue in this case. Properly communicating those blind spots and errors to the fact-finder is a crucial part of presenting Mr. Stavrakis's defense by refuting the government's theory of motive.

The concepts and details that may show a different, more complete, and correct picture of Mr. Stavrakis and Adcor's financial position leading up to the fire may be complex and outside of the experience and understanding of a lay person. For this reason, it is appropriate for the court to permit expert testimony to help the fact-finder to understand this complex and unfamiliar material. *See* Fed. R. Evid. 702 ("A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue").

Accounting analysis work done in 2017-2019 may support beliefs that Mr. Stavrakis and others at Adcor held about Adcor's financial position and prospects back in 2015. It may also support the idea that the accounting done at the time was incomplete or did not consider certain aspects of the businesses that Mr. Stavrakis did consider in assessing Adcor's health. These additional considerations may show that Mr. Stavrakis had a basis to believe that his and

4

Adcor's financial position was far from desperate enough to motivate him to commit the crimes alleged here.

In other words, Mr. Stavrakis did not believe that he or his businesses were in such a dire financial position that he would have been realistically motivated to commit these crimes. He knew more about the big picture of his companies than what was in the accounting reports. Historical financial analysis should be allowed in as evidence to show that there was, in fact, more to Adcor and Mr. Stavrakis's financial health than what meets the eye in the financial reports upon which the government's rests its theory of motive.

This point is vitally relevant to this case, and depriving Mr. Stavrakis of the opportunity to test the government's evidence on this point with its own expert analysis would deprive him of his due process right to present a defense.

**2. There Is Nothing Unfairly Prejudicial To The Government Or Confusing To The Jury About The Defense Being Permitted To Show A More Complete And Accurate Picture Of Adcor's And Mr. Stavrakis's Financial Position Leading Up To The Fire. Therefore, This Evidence Should Not Be Excluded Under Rule 403.**

The government claims that any evidence showing a financial picture of Adcor or Mr. Stavrakis in the time leading up to the fire that was derived from analysis performed after July of 2015 would be unfairly prejudicial and misleading. But as explained thoroughly above, the focus of this evidence is to substantiate what Mr. Stavrakis individually thought about his and his company's financial position at the time. That issue is centrally relevant to motive, and there is nothing unfairly prejudicial to the government or

5

confusing to the fact-finder about addressing it this way.

The government is seeking to limit the defense's ability to challenge its theory that Mr. Stavrakis was desperate enough to commit arson simply because some accounting reports suggested Adcor was experiencing financial difficulties. None of the cases cited by the government stand for the proposition that historical or forensic analysis of financial records should not be admitted to show the true financial position or state of mind of a defendant.

The government is correct that Mr. Stavrakis's state of mind prior to the fire is of great significance to this case. But the government is wrong to attempt to limit how the defense may support or substantiate his state of mind through a more complete and thorough analysis of Adcor and Mr. Stavrakis's financial positions at that time. In other words, the defense should be permitted to admit evidence that shows that Adcor was not in the kind of dire financial trouble that the government suggests it was from looking at just a few financial reports.

The government has not shown any basis to believe that it will be unfairly prejudiced, or the fact-finder will be confused by evidence of historical financial analysis about Adcor and Mr. Stavrakis. In reality, such evidence may serve to shed considerable light on the state of mind and alleged motive of the Defendant, which are central issues in this case. Therefore, the evidence should be admitted for that purpose over the government's objection.

## CONCLUSION

For the reasons stated above, Mr. Stavrakis respectfully requests that this Honorable Court deny the Government's Motion to Exclude as it relates to financial analysis evidence and reserve any ruling on potential advice of counsel defenses, should they become relevant to the case after further investigation.

Respectfully submitted,

/s/
G. Adam Ruther (Fed Bar #30183)
Steven H. Levin (Fed Bar #28750)
Charles N. Curlett (Fed Bar #28246)
Jamar Brown (Fed Bar # 19522)
Rosenberg Martin Greenberg, LLP
25 S. Charles St. 21st Floor
Baltimore MD 21202
Phone: (410) 727-6600
slevin@rosenbergmartin.com
ccurlett@rosenbergmartin.com
aruther@rosenbergmartin.com
jbrown@rosenbergmartin.com

## CERTIFICATE OF SERVICE

The foregoing Opposition was served upon all counsel entitled to service this 14th day of May, 2019 by electronic filing through this Court's ECF system.

/s/
G. Adam Ruther

4834-4904-9751, v. 3