IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| *Plaintiff*, | | |
| | | |
| v. | | Crim. No. ELH-19-00160 |
| | | |
| DEMETRIOS STAVRAKIS, | | |
| a/k/a Dimitrios Stavrakis, a/k/a Jimmy | | |
| *Defendant*. | | |

## MEMORANDUM

This criminal case is rooted in an arson that occurred at a commercial property in Baltimore on July 29, 2015.  The property is owned by the defendant, Demetrios "Jimmy" Stavrakis, and housed his business.  As a result of the fire, Mr. Stavrakis recovered about $15 million in insurance proceeds.  He was charged with multiple offenses in a Second Superseding Indictment.  ECF 94.

Trial began on September 9, 2019.  ECF 149.  On October 24, 2019, the jury convicted the defendant of all four charges lodged in the Second Superseding Indictment.  *See* ECF 217; ECF 226

Sentencing was held on February 12, 2020.  ECF 251.  On that date, the Court imposed concurrent terms of imprisonment of five years as to Counts Two, Three, and Four, and a consecutive sentence of ten years as to Count One, for a total term of 15 years of imprisonment.  ECF 264.  That sentence corresponded to the statutory mandatory minimum.  At the time of sentencing, the Court set a self-surrender date for the defendant of April 20, 2020.

The defendant filed an appeal on February 18, 2020.  ECF 259.  The appeal is pending.

In view of the COVID-19 pandemic, the Court has extended the defendant's surrender date on three occasions.  *See* ECF 272 (Order of March 23, 2020); ECF 281 (Order of April 30,

2020); ECF 319 (Order of June 24, 2020).  The government consented to two of the extensions. *See*, *e.g.*, ECF 280.  The current surrender date is August 3, 2020.  ECF 319.

The defendant has now filed another motion to postpone his upcoming surrender date of August 3, 2020.  ECF 322 (the "Motion").  In the alternative, he seeks release pending appeal. *Id.*  The Motion is supported by exhibits.

In the Motion, the defendant contends that, due to his underlying health conditions, he is at high risk of severe illness or death due to COVID-19.  *Id.* at 3.  These health conditions include cardiac disease, hypertension, obesity, and a recent Archilles tendon injury, for which he is still in treatment.  *Id.*  And, the defendant asserts that he has been assigned to FCI Texarkana in Texas, a state that is "one of the epicenters" for the pandemic.  *Id.* at 4.  Moreover, the defendant contends that his appeal presents "substantial questions of law" regarding the sufficiency of the evidence.  *Id.* at 8 (citing 18 U.S.C. § 3143(b)(1)(B)).  In his view, the release pending appeal is justified by the strength of his legal challenge.

The government vigorously opposes the Motion.  ECF 323.  In particular, it takes issue with the defense contention concerning the merits of the appeal.  The defendant has replied. ECF 324.

I shall first address the request for release pending appeal.  Section 3143(b) of 18 U.S.C. states:

> **(b) Release or detention pending appeal by the defendant.--(1)** Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—
>
> **(A)** by clear and convincing evidence that the person is not likely to flee or pose a   danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

**(B)** that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—

**(i)**  reversal,

**(ii)** an order for a new trial,

**(iii)** a sentence that does not include a term of imprisonment, or

**(iv)** a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

**(2)** The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained.

Clearly, the defendant is not a flight risk.  Throughout the duration of the case, he appeared in Court, on time, every time his presence was required, including for the sentencing, knowing he faced a mandatory minimum term of 15 years' imprisonment, and without assurance that he would be permitted to surrender.  And, despite the gravity of the underlying offense, I do not believe that the defendant poses a physical danger to the community at large.  But, in my view, the evidence at the trial was more than sufficient to convict.  I conclude that defendant has not satisfied the provisions of 18 U.S.C. § 3143(b)(1)(A)(i)-(iv).

I turn to the defendant's request to delay his reporting date due to the current global pandemic.

The nation is "in the grip of a public health crisis more severe than any seen for a hundred years." *Antietam Battlefield KOA v. Hogan*, CCB-20-1130, ___ F. Supp. 3d ___, 2020

WL 2556496, at *1 (D. Md. May 20, 2020).  That crisis is COVID-19.[1]  The World Health Organization declared COVID-19 a global pandemic on March 11, 2020.  *See Seth v. McDonough*, PX-20-1028, 2020 WL 2571168, at *1 (D. Md. May 21, 2020).

The judges of this Court "have written extensively about the pandemic." *United States v. Williams*, PWG-19-134, 2020 WL 3073320, at *1 (D. Md. June 10, 2020) (collecting cases). Thus, it is not necessary for me to recount in detail its "unprecedented nature and impact." *Id.*

The virus is highly contagious.  *See Coronavirus Disease 2019 (COVID-19), How COVID-19 Spreads*, CTRS. FOR DISEASE CONTROL & PREVENTION (Apr. 2, 2020), https://bit.ly/2XoiDDh.  Although many people who are stricken with the virus experience only mild or moderate symptoms, the virus can cause severe medical problems as well as death, especially for those in "high-risk categories…." *Antietam Battlefield KOA*, 2020 WL 2556496, at *1 (citation omitted).  Unfortunately, there is currently no vaccine, cure, "or proven effective treatment" that is available. *Id.* (citation omitted).

As of July 29, 2020, COVID-19 has infected more than 4 million Americans and caused nearly 150,000 deaths in this country.  *See COVID-19 Dashboard*, THE JOHNS HOPKINS UNIV., https://bit.ly/2WD4XU9 (last accessed July 29, 2020).  Moreover, according to the Centers for Disease Control and Prevention ("CDC"), certain risk factors increase the chance of severe illness.  The risk factors initially included age (over 65); lung disease; asthma; chronic kidney disease; serious heart disease; obesity; diabetes; liver disease; and a compromised immune system. *See Coronavirus Disease 2019 (COVID-19), People Who Are At Risk for Severe Illness*, CTRS. FOR DISEASE CONTROL & PREVENTION (May 14, 2020), https://bit.ly/2WBcB16.

---

[1] Severe Acute Respiratory Syndrome Coronavirus 2 (SARS-CoV-2) is the cause of coronavirus disease 2019, commonly called COVID-19.  *Antietam Battlefield*, 2020 WL at 2556496, at *1 n.1 (citation omitted).

4

On June 25, 2020, the CDC revised its guidance.  And then, on July 17, 2020, to reflect the most recently available data, the CDC again revised its guidance as to medical conditions that pose a greater risk of severe illness due to COVID-19.  According to the CDC, the factors that increase the risk include cancer; chronic kidney disease; COPD; being immunocompromised; obesity, where the body mass index ("BMI") is 30 or higher;  serious heart conditions, including heart failure and coronary artery disease; sickle cell disease; and Type 2 diabetes. *See People of Any Age with Underlying Medical Conditions*, Ctrs. For Disease Control & Prevention (July 17, 2020), https://bit.ly/38S4NfY.

The CDC has also created a second category for conditions that "might" present a risk for complications from COVID-19.  The factors that might increase the risk include cerebrovascular disease, hypertension, pregnancy, liver disease, cystic fibrosis, neurologic conditions, a compromised immune system, smoking, and Type I diabetes.  *See id.*  Moderate to severe asthma is an underlying medical condition that was moved to the new category by the CDC; it is now identified as a condition that "might" put an individual at higher risk for COVID-19 complications.  *See id.*

Thus far, the only way to slow the spread of the virus is to practice "social distancing." *See Coronavirus Disease 2019 (COVID-19), How to Protect Yourself & Others*, Ctrs. For Disease Control & Prevention, https://bit.ly/3dPA8Ba (last accessed May 21, 2020).  Social distancing is particularly difficult in the penal setting, however.  *Seth*, 2020 WL 2571168, at *2. Prisoners have little ability to isolate themselves from the threat posed by the coronavirus.  *Id.*; *see also Cameron*, 2020 WL 2569868, at *1.  They are not readily able to secure safety products on their own to protect themselves, such as masks and hand sanitizers.  Consequently, correctional facilities are especially vulnerable to viral outbreaks and ill-suited to stem their

spread. *See Coreas v. Bounds*, TDC-20-0780, 2020 WL 1663133, at *2 (D. Md. Apr. 3, 2020) ("Prisons, jails, and detention centers are especially vulnerable to outbreaks of COVID-19."); *see also*  Letter of 3/25/20 to Governor Hogan from approximately 15 members of Johns Hopkins faculty at the Bloomberg School of Public Health, School of Nursing, and School of Medicine (explaining that the "close quarters of jails and prisons, the inability to employ effective social distancing measures, and the many high-contact surfaces within facilities, make transmission of COVID-19 more likely");[2] *accord Brown v. Plata*, 563 U.S. 493 519-20 (2011) (referencing a medical expert's description of the overcrowded California prison system as "'breeding grounds for disease'") (citation omitted).

On March 23, 2020, the CDC issued guidance for the operation of penal institutions to help prevent the spread of the virus. *Seth*, 2020 WL 2571168, at *2. Notably, the BOP has implemented substantial measures to mitigate the risks to prisoners, to protect inmates from COVID-19, and to treat those who are infected. Indeed, as the Third Circuit recognized in *United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020), the BOP has made "extensive and professional efforts to curtail the virus's spread." Nevertheless, the Department of Justice has recognized the unique risks posed to inmates and BOP employees from COVID-19.

And, as with the country as a whole, the virus persists in penal institutions.[3] As of July 29, 2020, the BOP reported that 3,781 inmates and 318 BOP staff currently tested positive for COVID-19; 5,475 inmates and 631 staff have recovered; and 97 inmates and one staff member have died from the virus. *See* https://www.bop.gov/coronavirus/ (last accessed July 19, 2020).

---

[2] The Court may take judicial notice of matters of public record. *See* Fed. R. Evid. 201.

[3] The *New York Times* has reported that cases of COVID-19 "have soared in recent weeks" at jails and prisons across the country. Timothy Williams et al., Coronavirus cases Rise Sharply in Prisons Even as They Plateau Nationwide," N.Y. TIMES (June 18, 2020), https://nyti.ms/37JZgH2.

The defendant is 54 years of age.  He asserts that he suffers from hypertension, gout, and obesity.  *See*, *e.g.*, ECF 322 at 3, 33.  However, the defense has not provided the Court with medical records documenting the defendant's health conditions.   The defense previously submitted ECF 317-2, dated June 23, 2020.  It is a four-line letter from Louis Domenici, M.D., without supporting documentation.  He asserts, in a conclusory fashion, that the defendant "has a history of cardiac disease, hypertension, obesity and overall poor health" and therefore he "should not be confined due to high risk [sic] for contracting COVID-19 and increased mortality."  The summary assertions in the letter do little to establish that the defendant is truly at risk from COVID-19 based on underlying health conditions.

Nevertheless, the Court is mindful of the recent surge of COVID-19 cases nationally. Therefore, the Court will postpone the defendant's reporting deadline until September 9, 2020. The Court does not intend to grant an indefinite delay, however.  Therefore, any future defense requests for postponement must be supported by adequate medical documentation.

An Order follows.


Date:  July 29, 2020                         _____/s/_____
                                             Ellen L. Hollander
                                             United States District Judge