IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,
   *Plaintiff*,

v.

DEMETRIOS STAVRAKIS,
a/k/a Dimitrios Stavrakis, a/k/a Jimmy
   *Defendant*.

Crim. No. ELH-19-00160

**MEMORANDUM**

This case has a long history, which I need not recount here.[1] Defendant Demetrios Stavrakis is currently due to surrender to the designated Bureau of Prisons ("BOP") facility by 2:00 p.m. on November 9, 2020, to begin service of a 15-year sentence for arson and related offenses.[2] The Court has been advised by the parties that the designated facility is FCI Texarkana.[3]

On November 2, 2020, the defendant filed yet another motion to postpone his self-surrender date, based on his desire "to accommodate heart surgery, rehabilitation, and neurologic testing." ECF 342 (the "Motion"). The medical procedure is scheduled for November 30, 2020. *Id.* The Motion is supported by two exhibits. The government opposes the Motion. ECF 344. And, it has also submitted an exhibit.

---

[1] To the extent relevant, I incorporate here the summary set forth in ECF 334, as to the factual background and the global pandemic.

[2] That sentence corresponded to the mandatory minimum applicable in this case.

[3] The Court is troubled by the designation of FCI Texarkana, given that the defendant lives in Baltimore County, Maryland, and the Court expressly recommended designation to FCI Cumberland in Cumberland, Maryland. *See* ECF 264 (Amended Judgment) at 2. Even if FCI Cumberland were not available, at the very least the BOP has had ample opportunity to locate an institution closer to the defendant's home. The Court has not been made aware of any particular reason to explain the BOP's designation of FCI Texarkana.

As the record reflects, the Court has previously extended the self-surrender date of Mr. Stavrakis on numerous occasions, due to the COVID-19 pandemic, coupled with the defendant's various health conditions.  *See*, *e.g.*, ECF 272 (Order of March 23, 2020); ECF 281 (Order of April 30, 2020); ECF 319 (Order of June 24, 2020); ECF 325, ECF 326 (Memorandum and Order of July 29, 2020); ECF 329 (Order of September 2, 2020); ECF 334, ECF 335 (Memorandum and Order of September 25, 2020).  Defendant now seeks another extension, through and including "January 8, 2020 [sic]," in order "to accommodate his November 30, 2020, scheduled heart surgery and allow his physicians the opportunity to report back on his status and the required course of post-surgery rehabilitation."  ECF 342 at 4.

Mr. Stavrakis's primary physician, Daniel Collector, M.D., practices family medicine with the University of Maryland – St. Joseph's Medical Group in Parkton, Maryland.[4]  Dr. Collector opines in a letter of October 28, 2020, that the defendant is "at great risk of a major coronary event, in the near future."  ECF 342-1.  He also states that the defendant will be at "high risk of death" if incarcerated, and contends that the risks to the defendant are exacerbated by the threat of COVID-19.  *Id.*  Further, Dr. Collector indicates that Dr. Zaidi, an interventional cardiologist at St. Joseph Hospital, agrees with Dr. Collector's medical assessment.  *Id.*  But, there is no indication that Dr. Zaidi ever examined the defendant.

By "surgery," the defendant means a cardiac catherization, scheduled for November 30, 2020, to explore and evaluate suspected coronary angina.  ECF 342 at 2; ECF 342-1.  Dr. Collector asserts in a submission of November 2, 2020, that there are "three different outcomes" that may

---

[4] In my Memorandum of September 25, 2020 (ECF 334), I inadvertently referred to Dr. Collector has a cardiologist.

2

follow from the cardiac catherization. In particular, the catherization may reveal that the defendant is in need of a coronary stent; he may require coronary artery bypass surgery; or he may require "medical management." ECF 342-2. And, Dr. Collector posits that the medical management would entail at least three months of supervised care to avoid a heart attack or stroke. *Id.*

In a previous defense submission, the defendant indicated that Dr. Collector had referred him to Stephen Pollock, M.D., a cardiologist at the University of Maryland-St. Joseph Medical Group, for evaluation. *See* ECF 327 at 4, 5. The appointment was set for September 4, 2020. ECF 327-2. Apparently, Dr. Pollock ordered a nuclear stress test. ECF 342-1. However, the Court has not been provided with a report from Dr. Pollock.

Notably, as the government observes, Dr. Collector is a primary care physician specializing in family medicine; he is neither a cardiologist nor an internist. It is also noteworthy that there is no indication in the material provided by the defense as to the grounds for a delay, until November 30, 2020, for the alleged urgent catherization that forms the basis of the request for further postponement. If the situation is as dire as defendant suggests, the delay in scheduling, without explanation, is puzzling.

In addition, the government reports that as of November 4, 2020, the facility at FCI Texarkana has no inmates who currently test positive for COVID-19. No one has died from COVID-19 at that facility. And, only a handful of staff and inmates previously tested positive for the virus, and they have since recovered. The government also provided information reflecting that BOP is able to handle health issues such as those described here.

At this juncture, there is no ground for a lengthy extension of defendant's reporting deadline, which has already been extended repeatedly. That said, the Motion was only filed on November 2, 2020; the government promptly responded on November 5, 2020; and the self-

surrender date is around the corner – on November 9, 2020.  Given the defendant's ongoing medical issues, I do not conclude that there was any purposeful delay in filing the Motion so close to the surrender date.  And, FCI Texarkana is in Texas, quite some distance away.

It is not clear why the BOP selected an institution so far from the defendant's home.  But, travel and careful planning are now required because of the risks of COVID-19.  Given the timing of my ruling, docketed November 6, 2020, on the Friday before the surrender date of Monday, November 9, 2020, I believe a brief extension is warranted for the self-surrender date.  This time will allow the defendant to plan for safe travel to Texas.

Therefore, I will extend the reporting deadline until 2:00 p.m. on December 1, 2020.  An Order follows.


Date:   November 5, 2020                     /s/
                                            Ellen L. Hollander
                                            United States District Judge

4