IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

*Plaintiff*,

v.

DEMETRIOS STAVRAKIS,
a/k/a Dimitrios Stavrakis, a/k/a Jimmy

*Defendant*.

Crim. No. ELH-19-00160

## MEMORANDUM

This criminal case has a long history, which I need not recount here.[1]  Defendant Demetrios Stavrakis is currently due to surrender to the designated Bureau of Prisons ("BOP") facility by 2:00 p.m. on December 1, 2020, to begin service of a 15-year sentence for arson and related offenses.  ECF 346.[2]

On November 19, 2020, the defendant filed yet another motion to postpone his self-surrender date.  ECF 347 (the "Motion").  Specifically, defendant seeks an extension through and including January 30, 2021.  The Motion is supported by one exhibit.

In large measure, defendant points to the grave health crisis gripping the country due to the virulent resurgence of COVID-19, as well as his various health ailments.[3]  In addition, he raises concerns with respect to his designation to FCI Texarkana in Texas.  And, given the imminence

---

[1] To the extent relevant, I incorporate here the summaries set forth in ECF 334 and ECF 345 as to the factual background and the global pandemic.

[2] That sentence corresponds to the mandatory minimum sentence applicable in this case.

[3] Severe Acute Respiratory Syndrome Coronavirus 2 (SARS-CoV-2) is the cause of coronavirus disease 2019, commonly called COVID-19. *See Naming the Coronavirus Disease and the Virus that Causes It*, WORLD HEALTH ORG., https://bit.ly/2UMC6uW (last accessed June 15, 2020).

of a vaccine, he urges the Court to allow time for him to obtain a vaccination against the virus.  *Id.* at 4.

The government opposes the Motion.  ECF 351.  Among other things, it notes that the defendant's designation was recently changed from FCI Texarkana in Texas to FCI Ft. Dix in New Jersey.  *Id.*[4]

The defendant has replied (ECF 353) with additional exhibits.  And, he submitted another supplemental filing (ECF 354), along with an exhibit.

## Discussion

The sentence in this case was imposed on February 12, 2020.  ECF 255, ECF 258, ECF 264.  At that time, given defendant's satisfactory compliance with the conditions of pretrial release, the Court allowed the defendant to self-surrender, and set a surrender date of April 20, 2020.  *Id.*[5] In the time between sentencing and the anticipated surrender date, the world as we know it has been upended by the worst public health crisis in over 100 years.  *See*, *e.g.*, *Antietam Battlefield KOA v. Hogan*, CCB-20-1130, 461 F. Supp. 3d 214, 223 (D. Md. 2020) (stating that, due to COVID-19, the nation is "in the grip of a public health crisis more severe than any seen for a

---

[4] The Court commends the government for bringing to the attention of the BOP the Court's frustration with the BOP's prior designation of FCI Texarkana.  As noted previously, the defendant lives in Maryland and the Court had recommended designation to FCI Cumberland in Cumberland, Maryland.  *See* ECF 264 (Amended Judgment) at 2.

As I stated in ECF 345, even if FCI Cumberland were not available, at the very least the BOP has had ample opportunity to locate an institution closer to the defendant's home.  In this regard, I note that the BOP initially designated FCI Allenwood.  ECF 280 n.1.  That was certainly a reasonable designation, but for reasons unknown to the Court, it was changed by the BOP.  In light of the distance from Maryland to Texas, the designation to Texas was particularly problematic because of the challenges it presenting for safe travel by the defendant.

[5] The Court generally allows defendants on pretrial release a period of 60 days to report to prison.

hundred years"); *United States v. Hernandez*, 451 F. Supp. 3d 301, 305 (S.D.N.Y. 2020) ("The COVID-19 pandemic . . . . presents a clear and present danger to free society for reasons that need no elaboration."). Almost 260,000 Americans have died from COVID-19. *Covid in the U.S.: Latest Map and Case Count*, N. Y. TIMES (Nov. 25, 2020), https://www.nytimes.com/interactive/2020/us/coronavirus-us-cases.html.

Correctional facilities are especially vulnerable to viral outbreaks. *See Coreas v. Bounds*, TDC-20-0780, 2020 WL 1663133, at *2 (D. Md. Apr. 3, 2020) ("Prisons, jails, and detention centers are especially vulnerable to outbreaks of COVID-19."). Thus far, the only known way to slow the spread of the virus is to practice "social distancing" and use masks. *See Coronavirus Disease 2019 (COVID-19), How to Protect Yourself & Others*, CTRS. FOR DISEASE CONTROL & PREVENTION, https://bit.ly/3dPA8Ba (last accessed May 21, 2020). But, social distancing is particularly difficult in the penal setting. *Seth v. McDonough*, PX-20-1028, 2020 WL 2571168, at *2 (D. Md. May 21, 2020). Prisoners have little ability to isolate themselves from the threat posed by the coronavirus, nor can they easily procure their own health supplies. *See United States v. Mel*, TDC-18-0571, 2020 WL 2041674, at *3 (D. Md. Apr. 28, 2020) ("In light of the shared facilities, the difficulty of social distancing, and challenges relating to maintaining sanitation, the risk of infection and the spread of infection within prisons and detention facilities is particularly high.").

Because of the gravity of the pandemic, and the challenges faced by penal institutions in managing the spread of the virus, this Court has granted numerous extensions of self-surrender dates, not just for this defendant, but for others as well. Indeed, in a number of instances, the government has reasonably consented to such extensions, as it did earlier in this case. *See*, *e.g.*, ECF 280.

Of relevance here, the Court previously granted multiple requests by Mr. Stavrakis to extend his reporting date, due to the COVID-19 pandemic, coupled with his various health problems.  *See*, *e.g.*, ECF 272 (Order of March 23, 2020); ECF 281 (Order of April 30, 2020); ECF 319 (Order of June 24, 2020); ECF 325, ECF 326 (Memorandum and Order of July 29, 2020); ECF 329 (Order of September 2, 2020); ECF 334, ECF 335 (Memorandum and Order of September 25, 2020); ECF 345 and ECF 346 (Memorandum and Order of November 5, 2020).

After the BOP designated a facility in Texas, the Court was concerned, *inter alia*, with the fact that defendant had to travel a long distance to the designated penal institution in Texas; there have been repeated warnings from health care experts to avoid unnecessary travel.  But, that is no longer a concern to the Court, because the BOP has finally changed the defendant's institution to a place accessible by driving roundtrip in one day.[6]  Although the designated state of the facility no longer presents a concern, the state of the pandemic is a major worry.   Indeed, the coronavirus dominates the news.[7]

Yesterday, November 24, 2020, some 178,200 new COVID-19 cases were reported, along with 2,216 deaths.  The number of cases per day has dramatically increased by 43 percent in the last two weeks.  *Covid in the U.S.: Latest Map and Case Count*, N.Y. TIMES (Nov. 25, 2020), https://www.nytimes.com/interactive/2020/us/coronavirus-us-cases.html.  There has also been a surge in the rate of hospitalizations and in the death rate.  *Id.*  According to the *New York Times*, the U.S. Coronavirus Task Force has reemerged, with an urgent plea to Americans to act with caution and vigilance so as to minimize their health risks.  The *New York Times* also reported today

---

[6] Obviously, the defendant would only travel one way.  But, someone would have to drive him to New Jersey and then return to Maryland.  This can be done in one day, however, because of the proximity of Maryland to New Jersey.

[7] The Court takes judicial notice of information in the news.  *See* Fed. R. Evid. 201.

4

that schools, restaurants, bars, and other business establishments across the country are closing or being shuttered, and some jurisdictions have imposed curfews in an effort to curb the spread of the virus.  And, of significance here, the *New York Times* wrote on November 21, 2020:  "U.S. correctional facilities are experiencing record spikes in coronavirus infections this fall. During the week of Nov. 17, there were 13,657 new coronavirus infections reported across the state and federal prison systems*." America Is Letting the Coronavirus Ravage Through Prisons*, N.Y. TIMES (Nov. 21, 2020), https://www.nytimes.com/2020/11/21/opinion/sunday/coronavirus-prisons-jails.html?referringSource=articleShare; *see also* ECF 354-1.

As the government concedes, FCI Ft. Dix "is experiencing a bit of a spike in COVID cases."  ECF 351 at 2.  With respect to Ft. Dix, the BOP indicates on its website that 246 inmates and 20 staff members have currently tested positive for the virus.  *See COVID-19 Coronavirus*, FEDERAL BUREAU OF PRISONS (https://www.bop.gov/coronavirus) (last accessed Nov. 25, 2020). Some 45 inmates and 6 staff members have recovered.  *Id.*  According to the defense, Ft. Dix "has the highest number of positive coronavirus infections of any federal prison in the country."  ECF 353-3.

To be clear, this is not a compassionate release case, where a defendant who is already serving a sentence, whether at Ft. Dix or elsewhere, seeks release because of the virus and personal issues.  The Court addresses those cases in the context of the applicable statute, and in light of the fact that the defendant is already serving a sentence.  Here, the defendant, who is not a flight risk, has not yet begun to serve his sentence.  He is asking the Court to delay his surrender until the serious health threat abates.

Although the defendant does not appear to be in dire medical condition, he does have documented health issues.  *See* ECF 353-1; ECF 353-2.  In particular, the defendant, who is 55

years of age, has a long history of smoking; he is obese; and he has some coronary artery disease. *Id.* According to the Centers for Disease Control & Prevention, obesity (with a BMI of 30 or higher), smoking, and serious heart conditions are factors that increase the risk of severe illness due to COVID-19. *See People of Any Age with Underlying Medical Conditions*, CTRS. FOR DISEASE CONTROL & PREVENTION (Nov. 2, 2020), https://bit.ly/38S4NfY.

Despite the dire news blitz regarding the grave number of new COVID-19 cases, the ensuing strain on hospitals, and the growing number of deaths, there is cause for hope; we seem to be on the verge of a vaccine.

Under all of these circumstances, I shall delay defendant's self-surrender date to 2:00 p.m. on **January 11, 2021**.   An Order follows.

Date:   November 25, 2020                        _____/s/_____
                                                 Ellen L. Hollander
                                                 United States District Judge

6