IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DEMETRIOS STAVRAKIS

    Movant,

v.                                Case No. 19-cr-00160-ELH

UNITED STATES OF AMERICA

    Respondent.

---

REPLY IN SUPPORT OF MOTION FOR COMPASSIONATE RELEASE
UNDER 18 USC SECTION 3582(c)(1)(A)

    In the Government's (8/22/23) Response in Opposition to Defendant's Motion for Compassionate Release Pursuant to Section 3582(c)(1)(A) (ECF 407, the "Response") the government opposes release in this case arguing that Mr. Stavrakis has not shown an "extraordinary and compelling reason" to grant his motion, claiming that the medical treatment provided by the Bureau of Prisons (BOP) is adequate and that COVID-19 does not represent an extraordinary and compelling reason for Mr. Stavrakis. Failing that the government contends that Mr. Starakis is ineligible for relief because the serious and dangerous nature of the crimes of conviction, and the sentencing factors set forth at 18 USC Section 3553(a) do not favor release. None of these arguments are persuasive.

ARGUMENT

I. Mr. Stavrakis Takes Exception to the Government's Recitation of the Factual Background

First and foremost, for the purpose of making it known to the Court, Mr. Stavrakis takes numerous exceptions to the government's recitation of the facts of this case (ECF 407, at 1 - 31.) However, since none of which are relevant to the motion at hand Mr. Stavrakis reserves making comment.

II. The BOP Continues in its Inadequate Treatment of Mr. Stavrakis's Serious Medical Conditions

To demonstrate that Mr. Stavrakis is receiving adequate medical treatment the government points to how his peripheral vascular disease ("PVD") is being closely followed by multiple outside specialists. Over a year into his incarceration the primary care provider orders the first ultrasound, April 27, 2022. According to the cardiovascular specialist's (a vascular surgeon) evaluation of the ultrasound results, in his opinion Mr. Stavrakis's PVD is not the source of his leg, calf, and back pain, and because he believes Mr. Stavrakis's condition is not a vascular problem he recommends consulting a neurosurgeon. Later that year in December, Mr. Stavrakis received an MRI. And according to the neurosurgeon's evaluation of the MRI results, in his opinion Mr. Stavrakis's spinal pathology is not the cause of his pain. In May of this year a second ultrasound was taken for evaluation by the vascular surgeon. According to this (as the government describes) "extensive medical history" the government makes two conclusions that it feels should influence the Court's decision: 1) Mr. Stavrakis is wrong that his pain is definitely caused by his PVD; and 2) the foregoing medical treatment he's received is "more than ade-

quate." (ECF 407, at 36.)

In addition, the government argues that because Duloxetine has an off-label use as a pain medication that it "will help the defendant be able to walk to the 'chow hall' to partake in the heart-healthy food selections offered." (ECF 407, at 37.) Mr. Stavrakis feels the government is not taking its work seriously, and hopes that the government's attitude is not infectious on the Court. Mr. Stavrakis assures the Court that the Duloxetine, prescribed for his depression, has provided him with no relief from the pain, and probably so because his pain is not psychosomatic in origin.

III. COVID-19 Continues to Present an "Extraordinary and Compelling Reason" to Modify Mr. Stavrakis's Sentence

In arguing that COVID-19 does not present an "extraordinary and compelling reason" to grant Mr. Stavrakis motion for compassionate release (ECF 399, the "Motion") the government cites holdings from newer cases coming out of this Court. (ECF 407, at 38 - 40.) While these cases may provide some support for an outcome favoring the government, none of them affect Mr. Stavrakis's argument regarding COVID-19, and he refers the Court back to subsection B of part II of the Motion (ECF 399, at 12 - 24), nor should they change the outcome of this Motion.

Furthermore, the government's Response pertaining to COVID-19 neither brings up any new matter, nor argues any points that have not already been addressed in the Motion, and thus should be of no avail.

IV. The Court Should Exercise its Discretion Under 18 USC Section 3553(a) to Reduce Mr. Stavrakis's Sentence to Time Served

Relying on the nature and circumstances of the offense the government insists that Mr. Stavrakis acknowledges the serious and dangerous nature of the crimes of conviction, arson and $15 million wire fraud. However, the government place undue weight on this factor alone, to the exclusion of all other Section 3553(a) factors that weigh strongly in favor of relief. See Peugh v United States, 569 US 530, 536 (2013). Mr. Stavrakis refers the Court back to part III of the Motion (ECF 399, at 23) for his Seciton 3553(a) factor analysis favoring release.

CONCLUSION

To reiterate, Mr. Stavrakis has demonstrated in his Motion extraordinary and compelling reasons for compassionate release, and respectfully requests that the Court grant his motion pursuant to Section 3582(C)(1)(A)(i) and reduce his sentence to time served and order his release, so he may obtain from his physician and specialists the adequate medical care required to treat his serious, chronic and debilitating medical and physical consitions, or, in the alternative, so he may isolate himself from the dangers that the COVID-19 virus poses to his health due to his serious underlying health conditions, which place him at an increased risk of severe and potentially life-threatening illness.

If the Court has any remaining concerns of the danger Mr. Stavrakis may pose to the community, the Court may add home confinement as a condition of his

4

supervised release, not to exceed the unserved portion of his original sentence.

Respectfully submitted,

x_____
Mr. Demetrios Stavrakis
pro se movant